An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LEROY LEE JONES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61976

**FILED**

OCT 1 6 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant Leroy Lee Jones' post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

Jones contends that the district court erred by denying his habeas petition. Jones claims that trial counsel was ineffective for (1) failing to view the surveillance videotape of the third of three robberies he was charged with committing,[1] (2) failing to oppose the State's motion to consolidate his cases for trial, (3) eliciting incriminating evidence from the lead detective and not being aware of an unreported conversation between himself and the detective, (4) opening the door to the State's introduction of a prior misdemeanor conviction, and (5) failing to object to a detective's summary of the investigation. Jones also contends that appellate counsel

_____

[1]In a related argument, Jones contends that the State violated his right to due process by failing to preserve the videotape of the third robbery for review during the post-conviction proceedings and therefore his conviction should be reversed. Jones offers no relevant legal authority to support his claim that the State was required to preserve the videotape for such purposes. Further, the videotape was never admitted as evidence during Jones' trial. We conclude that Jones fails to demonstrate that he is entitled to any relief on this basis.

was ineffective for failing to challenge the consolidation of his cases and the admission of the detective's testimony summarizing the investigation, and that cumulative error warrants the reversal of his conviction. We disagree with Jones' contentions.

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted an evidentiary hearing and heard testimony from Jones' two trial counsel and his appellate counsel. Jones did not testify at the evidentiary hearing. The district court determined that trial counsel were not deficient and that Jones failed to demonstrate prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996); *see also Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1408 (2011) ("We have recently reiterated that [s]urmounting *Strickland*'s high bar is never an easy task." (quotation marks omitted) (alteration in original)). The district court also determined that appellate counsel was not ineffective, *see Kirksey*, 112 Nev. at 998, 923 P.2d at 1113-14, and that because Jones "failed to establish any error which would have entitled him to relief, there is and can be no cumulative error worthy of reversal." The district court's findings are supported by substantial evidence, *see Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994), and we conclude that the district court did not err by rejecting Jones' ineffective-assistance claims.

Jones also contends that the district court erred by denying claims raised in his initial proper person habeas petition, specifically, that counsel was ineffective for (1) not investigating potential alibi witnesses,

SUPREME COURT
OF
NEVADA

(O) 1947A

2

(2) not pursuing his preferred defense theory, (3) not adequately impeaching the State's witnesses, (4) not raising a *Brady* violation claim on direct appeal pertaining to an allegedly additional voluntary statement provided by one of the victims, (5) not challenging the sufficiency of the evidence on direct appeal, and (6) not objecting to prosecutorial misconduct. Jones, however, offers no argument with the requisite factual specificity or citation to any legal authority in support of these claims, therefore, we need not address them. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). Nevertheless, based on our review of the record, we conclude that the district court did not err by rejecting these ineffective-assistance claims. *See Lader,* 121 Nev. at 686, 120 P.3d at 1166; *see also Strickland,* 466 U.S. at 687-88; *Kirksey,* 112 Nev. at 987, 998, 923 P.2d at 1107, 1113-14. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[2]The fast track statement, response, and reply do not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because the text is not double-spaced. Counsel for the parties are cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. *See* NRAP 3C(n).

cc: Hon. Carolyn Ellsworth, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk